UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-193(01)(MJD/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| MICHAEL ROBERT SOLOMON, ) | |
| ) | |
| Defendant. ) | |

This matter came on before the Court on September 4, 2020, for an initial appearance on a complaint. The defendant was present and represented by Assistant Federal Defender Doug Micko. The defendant is now represented by Mr. Paul Engh, Esq. The United States was represented by Assistant U.S. Attorney Timothy C. Rank.

PROCEDURAL HISTORY

At the defendant's initial appearance, the government moved for detention pending a detention hearing which was set for September 9, 2020. The defendant was indicted on September 9, 2020, and counsel for the defendant requested a continuance of the detention hearing. The Court granted the defendant's motion and the matter was re-set for September 15, 2020. On September 11, 2020, counsel for the defendant notified the Court by letter that the defendant was waiving his right to a detention hearing and consenting to an Order for detention. *See* Doc. #21.

## FINDINGS OF FACT

1. On September 3, 2020, a complaint and warrant was issued for the defendant's arrest for alleged violations of Title 18 U.S.C. § 2339B (conspiring and attempting to provide material support to a designated foreign terrorist organization). *See* 20-mj-668 (TNL). The complaint affidavit describes an agreement and attempt to manufacture and provide firearm suppressors, services, and fully-automatic weapons to individuals the defendant believed were members of a designated foreign terrorist organization.

2. On September 4, 2019, Defendant made his initial appearance before this Court at which time the government moved for detention pending trial.

3. On September 9, 2020, a federal grand jury returned a two-count indictment alleging violations of Title 18 U.S.C. § 2339B (conspiracy to provide material support and attempt to provide material support to a designated foreign terrorist organization, namely Hamas). The Pretrial Services report provided to this Court recommended detention pending trial, concluding that Defendant presented both a risk of non-appearance and a danger to the community. Counsel for the defendant, Paul Engh, Esq. submitted a letter advising the Court that the defendant waives his right to a hearing on the issue of detention and consents to an Order of detention.

3

4. This Court finds that based upon the defendant's knowing and intelligent waiver, and upon the information contained in both the complaint affidavit and Pretrial Services Report, detention pending trial is appropriate.

5. This Court finds that there is clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance in court. This Court also finds by a preponderance of the evidence that Defendant presents a danger to the community. The allegations in the complaint and subsequent indictment carry a rebuttable presumption that the defendant be detained.[1] The Court notes, however, that even in the absence of this statutory presumption, the Court finds detention is warranted for this defendant.

THEREFORE, IT IS HEREBY ORDERED that:

1. The motion of the United States for detention without bond is GRANTED;

2. The defendant shall be committed to the custody of the Attorney General pending the trial of the allegations contained in the Indictment. The defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

---

[1] Under 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption that the defendant be detained when there is probable cause to believe that the defendant (1) committed an offense listed in 18 U.S.C. § 2332b(g)(5)(B), and that offense carries a maximum term of imprisonment of 10 years or more. *See* 18 U.S.C. § 3142(e)(3)(B) and (C). The charges alleged in the indictment are listed in 18 U.S.C. § 2332b(g)(5)(B) and each carries a maximum sentence of 20 years' imprisonment.

4

3.      The defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.      Upon Order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: September 14, 2020

                                              *s/Elizabeth Cowan Wright*
                                              Elizabeth Cowan Wright
                                              United States Magistrate Judge