UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 20-CR-193 (01)(MJD/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )   PLEA AGREEMENT AND |
| Plaintiff, | )   SENTENCING STIPULATIONS |
| | ) |
| v. | ) |
| | ) |
| MICHAEL ROBERT SOLOMON, | ) |
| | ) |
| Defendant. | ) |

The United States of America and Michael Solomon (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charge**. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges the defendant with conspiracy to provide material support and resources, namely property, services and weapons, to Hamas, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. The defendant is pleading guilty to this charge because he is guilty of this charge. The government agrees to dismiss the remaining counts in the Superseding Indictment at sentencing.

2. **Factual Basis and Stipulated Facts**. It is stipulated that the factual assertions contained in the Superseding Indictment are true and that a sufficient factual basis exists to support the defendant's guilty plea. Moreover, the defendant agrees that

1

the following facts are accurate, and that the government has sufficient evidence to prove the following at trial:

    a.    That during the timeframe described in the Superseding Indictment, the defendant was a member of the "Boogaloo Bois," a group of individuals espousing violent anti-government sentiments.

    b.    That in early June of 2020, the defendant entered into an agreement with his co-conspirator Benjamin Ryan Teeter ("Teeter") to provide material support and resources to Hamas, a designated Foreign Terrorist Organization.

    c.    On June 10, 2020, the defendant and Solomon met with an individual the defendant believed to be a member of Hamas (a confidential human source, hereinafter "CHS"). During this meeting, the defendant and Solomon proposed assisting Hamas as a means of furthering the goals of the Boogaloo Bois. Throughout the course of the conspiracy, the defendant used encrypted messaging applications to communicate with Solomon and the CHS about various aspects of the conspiracy.

    d.    On June 28, 2020, the defendant attended an in-person meeting with Teeter, the CHS, and a second individual the defendant believed was a member of Hamas (an undercover employee of the FBI, hereinafter "UCE"). During this meeting, the defendant and Teeter proposed manufacturing suppressors, untraceable firearms, and fully automatic firearms for Hamas.

    e.    On July 6, 2020, the defendant and Teeter purchased a drill press for the purpose of manufacturing suppressors for Hamas. The defendant admits that he and Teeter had planned to use the drill press to also manufacture suppressors for members of the Boogaloo Bois. The defendant and Teeter brought the drill press to the defendant's home and later used the drill press to manufacture five suppressors.

    f.    On July 30, 2020, the defendant and Teeter delivered five suppressors to the CHS and UCE believing those devices would be used by the militant wing of Hamas. The defendant stipulates and agrees that the suppressors he and Teeter manufactured meet the statutory definition of a "firearm" under 26 U.S.C. § 5845(a)(7). The defendant and Teeter also agreed to manufacture additional suppressors for Hamas believing that the next batch of suppressors would be used against Israeli and United States military personnel overseas.

    g.    The defendant admits that on August 29, 2020, he and co-conspirator Teeter gave the UCE a 3-D printed "auto sear" believing that the auto sear

would be used by Hamas to convert semi-automatic rifles into fully automatic rifles. The defendant admits that he purchased the auto-sears involved in the conspiracy alleged in Count 1 of the Superseding Indictment from portablewallhanger.com, a website marketing 3-D printed auto sears as "wall hangers." The defendant and Teeter then agreed to obtain, and did obtain, another order of auto sears from this website for the CHS and the UCE. The defendant stipulates and agrees that the auto sears he obtained during the course of the conspiracy alleged in Count 1 of the Superseding Indictment meet the definition of a "machinegun" under 18 U.S.C. § 921(a)(23).

h. The defendant admits that he knew Hamas was a designated terrorist organization, and that the organization had engaged and was engaging in terrorist activity or terrorism.

i. The defendant admits that he knew that his conduct was illegal, and that he engaged in such conduct voluntarily and not under coercion or duress.

3. **Statutory Penalties**. The parties agree that Count 1 of the Superseding Indictment carries maximum statutory penalties of:

  a. twenty (20) years' imprisonment;

  b. a supervised release term of 5 years to life;

  c. a criminal fine of $250,000; and

  d. a mandatory special assessment of $100, which is payable to the Clerk of Court prior to sentencing.

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

5. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Revocation of Supervised Release**. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment pursuant 18 U.S.C. §3583(e).

7. **Guideline Sentencing Stipulations**. The defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. § 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G."). The parties believe that the Guidelines Manual incorporating amendments effective November 1, 2018, applies in this case. The parties agree that the following calculations regarding the Guidelines will

4

ultimately be determined by the Court. Based on the information known to the parties at the time of this agreement, the parties agree that the following Guidelines apply:

    a.    <u>Base Offense Level</u>. The parties agree that the applicable guideline section is U.S.S.G. §2M5.3(a), which provides a base offense level of 26.

    b.    <u>Specific Offense Characteristics</u>. The government believes a two-level increase is applicable under U.S.S.G. §2M5.3(b)(1)(if the offense involved the provision of dangerous weapons, firearms, or other material support or resources with the knowledge or reason to believe they are to be used to commit or assist in the commission of a violent act, increase by two levels). The defendant reserves the right to oppose the application of this specific offense characteristic.

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that the 12-level adjustment described at U.S.S.G. § 3A1.4(a) applies.

    d.    <u>Acceptance of Responsibility</u>. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation Office, including providing complete, accurate and truthful financial information; (2) complies with all conditions of release; (3) testifies truthfully during the change of plea and sentencing hearings; (4) complies with this Agreement; and (5) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional one-level reduction under U.S.S.G. § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

            The parties further agree that the facts of this case support no other specific offense characteristics or chapter three adjustments.

    e.    <u>Total Offense Level</u>. With the application of U.S.S.G. § 3A1.4, the adjusted offense level is either **37** (including a 2-level increase under §2M5.3(b)(2)) or **35** (without a 2-level increase under §2M5.3(b)(2)). The Court will make the final determination of the total offense level.

    f.    <u>Criminal History Category</u>. The parties agree that because U.S.S.G. § 3A1.4 enhancement applies, the defendant has a criminal history category of VI.

  g. <u>Guidelines Range</u>. The parties agree that whether the adjusted offense level is 37 or 35, the Guidelines range is **240 months' imprisonment**, the statutory maximum sentence.

  h. <u>Fine Range</u>. The parties agree that whether the total offense level is 37 or 35, the fine range is $40,000 to $400,000. U.S.S.G. § 5E1.2. There is no agreement as to the imposition of a fine or, if one is imposed, the amount of any such fine.

  i. <u>Supervised Release</u>. The parties agree that the Sentencing Guidelines specify that, if a term of supervised release is ordered, the term of supervised release is 5 years to life. U.S.S.G. §§ 5D1.2(a)(2) and 5D1.2(b)(1).

  j. <u>Departures.</u> The parties agree that the defense reserves its right to argue additional grounds for a downward departure or variance from the ultimate guideline determination in this case.

8. **<u>Discretion of the Court</u>**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this Agreement and the defendant will be sentenced pursuant to the Court's determinations.

9. **<u>Agreements as to Sentencing Recommendation</u>**. There is no agreement between the parties as to a recommended sentence. The defendant acknowledges that the government may ask for a sentence of up to 240 months. The defendant is free to recommend whatever sentence he deems appropriate. If the Court does not accept the

sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

10.  **Special Assessment**.  The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted.  U.S.S.G. § 5E1.3.  In this case, the defendant stands convicted of one-count and is required to pay $100.

11.  **Waivers of Appeal and Collateral Attack**.  The defendant hereby waives the right to appeal any non-jurisdictional issues.  This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty.  The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment.  The defendant also waives the right to petition under 28 U.S.C. § 2255, except based upon a claim of ineffective assistance of counsel.

12.  **Forfeiture**.  The government reserves its right to proceed against any of the defendant's assets if said assets represent real or personal property involved in violations of the laws of the United States or are proceeds traceable to such property.

13.  **FOIA Requests.**  The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.15.

14.  **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional

consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

15. **Complete Agreement**.  This, along with any agreement signed by the Parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: ~~December~~ May 4, ~~2020~~ 2021

~~ERICA H. MacDONALD~~
W. ANDERS FOLK
Acting United States Attorney

ANDREW R. WINTER
Assistant United States Attorney

Dated: ~~December~~ May 4, ~~2020~~ 2021

MICHAEL ROBERT SOLOMON
Defendant

Dated: ~~December~~ May 4, ~~2020~~ 2021

PAUL ENGH, Esq.
Attorney for Defendant